IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JESUS GONZALEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-04-716 |
| CARNIVAL CORPORATION, | § § § | |
| Defendants. | § § § | |

### ORDER DENYING DEFENDANT CARNIVAL CORPORATION'S MOTION TO TRANSFER VENUE

In this admiralty case, Jesus Canizales, originally and improperly named as Jesus Gonzalez, ("Plaintiff") asserts a claim based on injuries suffered while working aboard the ELATION. Now before the Court comes Defendant Carnival Corporation's ("Defendant") Motion to Transfer Venue to the appropriate District in Florida. For the reasons stated below, Defendant's Motion is respectfully **DENIED**.

I.   Background

Plaintiff was employed as an upholsterer by Defendant. Plaintiff is a Honduran national who was working aboard Defendant's vessel, ELATION, at the time of the alleged injury. Plaintiff claims that his injuries were the result of Defendant's negligence.

II.   Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of

demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

III.   Analysis

A.   *Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.* Defendant maintains that numerous fact witnesses are located outside of Texas, so the convenience of key witnesses weighs in favor of transfer. Plaintiff responds that

he has received his most significant medical treatment in the Southern District of Texas. Plaintiff also notes that the key expert witnesses are within this District.

While it may be true that most key witnesses for the defense reside outside of Texas, Defendant has not provided the Court with descriptions of likely testimony to be given by most of their potential witnesses. Without descriptions of testimony, this Court cannot evaluate the importance of the potential witnesses that Defendant lists. Defendant also cites "relevant employees and other witnesses," including fellow crewmembers. The Court has noted before, that it is likely that crewmembers' testimony will have to be by deposition anyway. *See LeBoeuf*, 20 F. Supp. 2d at 1060 ("[T]he nature of their work may likely render them unavailable for trial, in any venue . . . ."). Plaintiff will certainly call at least one treating physician, who will be a key witness for Plaintiff. Since those physicians reside in this District, Galveston is more convenient for them than Florida. Since Defendants have failed to outline testimony or prove that Florida will increase the availability and convenience of witnesses, this factor weighs against transfer.

B. *Location of Books and Records*

The location of books and records generally does not weigh heavily in personal injury cases, and Defendant has not given the Court any indication that records located in Florida are so voluminous as to cause Defendant to incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston.") Therefore, this factor does not weigh for or against transfer.

C. *Potential for Delay*

Defendants suggest that transfer of this case may not significantly delay the trial or otherwise prejudice any party. Plaintiff responds that this case has been on file since December of 2004 and that transfer would necessarily cause a significant delay. This case is set for trial in December, 2005.

Given the proximity of the trial date, it is a near certainty that transfer would result in a substantial delay in the resolution of this case. With trial only four months away, the potential for delay weighs against transfer.

### D. Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally entitled to great deference, but Defendant argues that Plaintiff did not reside in Texas at the time he was injured. However, Plaintiff currently lives within the Southern District of Texas, and his choice to litigate in Galveston is entitled to great deference. *See Henderson*, 918 F. Supp. at 1065. Therefore, this factor weighs against transfer.

### E. Place of the Alleged Wrong

Defendant also argues that the Court should consider the place of the alleged wrong. At the time of Plaintiff's injury, the ELATION, whose home port is Galveston, was en route to Mexico. While the injury did not occur in either Texas or Florida, the fact that the ELATION calls Galveston home weighs against transfer.

## IV. Conclusion

While the Court understands that Defendant and its witnesses may incur some expense in trying this case in this Court, Defendant has not met its burden of proving that a transfer at this late stage in the trial process would be in the interests of justice. Plaintiff has received significant treatment in this area for his alleged injuries, and those doctors are very likely to be key witnesses at trial. Defendant also waited until shortly before trial to file this Motion, which greatly increases the possibility of delay if a transfer is granted. For the reasons stated above, Defendant's Motion to Transfer Venue is hereby respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 14th day of September, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge